**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

Debtor.

No. 98-1647

DAVIE JEAN STEVENS,
Claimant-Appellant,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: October 30, 1998

Decided: December 2, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bernard Redfield, DAVIS, WILLIAMS & CO., L.P.A., Cleveland,
Ohio, for Appellant. Orran L. Brown, Richmond, Virginia, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Davie Jean Stevens appeals the district court's order denying her Fed. R. Civ. P. 60(b)(1) motion seeking reinstatement of her disallowed Dalkon Shield claim. Because the district court did not abuse its discretion, we affirm.

In order to perfect her timely Dalkon Shield claim, Stevens, like other claimants, was required to complete a questionnaire giving information about herself and her alleged injuries and to return the questionnaire to the bankruptcy court by June 30, 1986. Stevens did not return a completed questionnaire.

The district court gave claimants who failed to return the initial questionnaire a second chance to perfect their claims. To that end, a second questionnaire was mailed to those claimants who had not submitted initial questionnaires. The second questionnaire included a warning that, unless the completed questionnaire was postmarked or delivered to the court by July 15, 1987, the court would disallow the claim. Stevens never returned a completed second questionnaire.

On July 20, 1987, the district court entered an order disallowing the claims of all Dalkon Shield claimants, including Stevens, who had not submitted timely, completed questionnaires. The court also sent a notice to claimants affected by the order that it would reconsider the disallowance of their claims if it received a written request for reinstatement by September 11, 1987. To facilitate the reconsideration process, the court sent a one-page form to holders of disallowed claims, including Stevens.

Stevens filed nothing related to her Dalkon Shield claim until she wrote to the bankruptcy clerk in September 1989. She stated that she

2

had not received the materials from the Trust because she had moved from the address she had originally given the Trust.

The district court treated her letter as a Fed. R. Civ. P. 60(b)(1) motion for relief from the order disallowing her Dalkon Shield claim. The court denied the motion because it was untimely, having been filed more than one year after entry of the July 1987 order, and because Stevens set out no circumstances that would qualify as excusable neglect under Rule 60(b)(1). Stevens appeals the denial of her motion.

Rule 60(b)(1) authorizes relief from a final judgment because of excusable neglect. Such motions must be filed within one year of the order from which the movant seeks relief. See Fed. R. Civ. P. 60(b)(1). The remedy of Rule 60(b) "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). We review the denial of a Rule 60(b) motion for abuse of discretion. See Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997).

Stevens' motion was untimely, having been filed more than one year after entry of the order from which she seeks to be relieved. Further, the grounds for relief do not constitute excusable neglect largely because the failure to perfect her claim was her fault. See Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992). It was incumbent upon Stevens to keep the court apprised of her whereabouts and to inquire about the status of her claim. Because her motion was both untimely and without merit, the district court did not abuse its discretion in denying the motion.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3